OPINION
{¶ 1} On January 4, 1999, the Ashland County Grand Jury indicted appellant, Arthur L. Swanson, on one count of robbery in violation of R.C. 2911.02, one count of aggravated burglary in violation of R.C. 2911.11
and one count of abduction in violation of R.C. 2905.02. Said charges arose from an incident involving the Elias Keim residence.
 {¶ 2} A jury trial commenced on September 2, 1999. The jury found appellant guilty as charged. By judgment entry filed October 25, 1999, the trial court sentenced appellant to twenty-one years in prison.
 {¶ 3} On July 16, 2002, appellant filed a motion for new trial, claiming newly discovered evidence. By judgment entry filed October 1, 2002, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court abused its discretion and violated appellant's fourteenth amendments rights under the United States Constitution and Article I Section 10 of the Ohio Constitution when it failed to grant appellant a new trial."
 I {¶ 6} Appellant claims the trial court erred in denying his motion for new trial. We disagree.
 {¶ 7} The granting of a new trial lies in the trial court's sound discretion. State v. Petro (1947), 148 Ohio St. 505. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The proper standard for determining whether the trial court abused its discretion is governed by the Petro case wherein the Supreme Court of Ohio held the following at syllabus:
 {¶ 8} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (State v. Lopa,96 Ohio St. 410, 117 N.E. 319, approved and followed.)"
 {¶ 9} Petro also cautions appellate courts to review the issue of newly discovered evidence from the record as a whole. Petro at 508.
 {¶ 10} Crim.R. 33 governs the granting of a new trial. Appellant specifically claimed newly discovered evidence pursuant to subsection(A)(6) which states as follows:
 {¶ 11} "(A) Grounds
 {¶ 12} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 13} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."
 {¶ 14} Pursuant to subsection (B), there is a time limitation for a claim of newly discovered evidence:
 {¶ 15} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 16} If the one hundred twenty day time limit has passed as it has in this case, the movant must establish by "clear and convincing proof" that he/she was "unavoidably prevented from discovery of the evidence."[1]
 {¶ 17} Appellant claims he just received a copy of the police report which demonstrates the prosecutor and trial witnesses committed perjury and withheld exculpatory evidence. Specifically, appellant claims a witness's name was withheld by the police. That witness is Lorena Yoder and appellant claims her testimony would have raised reasonable doubt. Upon review, we find Ms. Yoder's name was part of the record of this case. Ms. Yoder was mentioned in the December 15, 1998 police report attached to the original complaint filed December 16, 1998:
 {¶ 18} "On Dec. 1, 1998 I had received information that the subject had stopped a another res. on McNull Road in Richland County. This unit spoke with a Lovina Yoder at 4635 McNull Rd. and she advised that between 7-8 am a black man had stopped at her res and came to the door. She advised she had seen him coming and hid in the bedroom peeking out the door. She advised that he was very black and was driving a grey colored car. He left without incident."
 {¶ 19} Appellant claims Ms. Yoder could not identify him. A December 12, 1998 police report, attached to appellant's July 16, 2002 motion for new trial, indicates Ms. Yoder picked out another's photograph instead of identifying his three year old photo. Ms. Yoder never testified at trial and was not a victim. Information taken from Ms. Yoder was used to identify the vehicle involved in the crime.
 {¶ 20} Appellant also claims a December 15, 1998 police report, attached to appellant's July 16, 2002 motion for new trial, indicates one of the victims, Sara Keim, could not identify his photo from a photo line-up and the police refused to disclose this prior to trial. Mrs. Keim's husband, Elias Keim testified at trial and stated he identified appellant's photo, photograph #2, the same information on said police report. T. at 210-211. Mrs. Keim did not testify at trial, but the police report indicates Mrs. Keim "was unable to identify the suspect by the pictures."
 {¶ 21} We find the trial court did not err in determing these two issues were not newly discovered evidence.
 {¶ 22} Lastly, appellant claims there is evidence that Lonnie Scott, a former co-worker, lied during the trial when he said he was appellant's friend. In support of this, appellant attached to his motion for new trial the affidavits of Malinda Workman and Loretta A. Norris which state Mr. Scott and appellant had a fight over money in 1998 or 1999. Mr. Scott testified he and appellant were co-workers. T. at 278. He testified they "hung out" on weekends, and Mr. Scott considered appellant to be a social friend. T. at 279, 281. Appellant argues the fight he had with Mr. Scott was a motive for Mr. Scott to lie. A fight that appellant had with another is not newly discovered evidence because appellant would have known about it at the time of the trial. Appellant also argues Mr. Keim originally stated the robber's age was thirty to forty years old when appellant is actually fifty-four years old. The only officer who testified was Detective George Edward Staley, Jr., the original officer on the call. The identification dispatched to officers did not mention any age. T. at 151.
 {¶ 23} We find the issue of the robber's age does not meet the test set forth in Petro. The original identification was made with a three year old photo. The vehicle involved was under appellant's control as it was owned by his mother who lived at the same residence. Both Mr. Keim and Don Maxey, a witness who observed appellant in the area just prior to the incident, identified appellant. T. at 261, 263.
 {¶ 24} Upon review, we find the trial court did not err in denying appellant's motion for new trial because it did not rise to the level of newly discovered evidence, nor did it lead to a strong probability that the outcome of the trial would have been different.
 {¶ 25} The sole assignment of error is denied.
 {¶ 26} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, concur.
Topic: Motion for new trial denied.
[1] The verdict was journalized on September 14, 1999 and the motion for new trial was filed on July 16, 2002.